IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICHARD C. GOINS,
    Petitioner,

vs.                                      Case No.:  4:07cv14/RH/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

    Before the court is a second amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 14).  Respondent filed a motion to dismiss the petition as untimely (Doc. 29).  Petitioner filed a motion to strike the motion to dismiss (Doc. 34), a motion for summary judgment (Doc. 35), and a motion to expedite disposition (Doc. 37).

    This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of the parties' motions.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted, and Petitioner's pending motions should be denied.

I.    BACKGROUND

    Following a jury trial on August 27, 2002, in the Circuit Court for Leon County, Florida, Petitioner was convicted of one count of aggravated battery (Doc. 30, Exs. B, C).  He was sentenced as a prison releasee reoffender to fifteen (15) years of incarceration, with jail credit for 462 days (Doc. 30, Exs. D, E).  Petitioner appealed his conviction and sentence to the Florida First District Court of Appeals (First DCA) (Doc. 30, Exs. F, G).  The First DCA affirmed the judgment per

curiam without written opinion on January 20, 2004, with the mandate issuing February 5, 2004 (Doc. 30, Exs. H, I). Goins v. State, 865 So. 2d 484 (Fla. 1st DCA Jan. 20, 2004) (Table).

On October 14, 2004, Petitioner filed a petition for writ of habeas corpus in the Circuit Court for Dixie County, Florida, the county where Petitioner was incarcerated (Doc. 30, Ex. J). The circuit court denied the petition in an order rendered on February 9, 2005 (Doc. 30, Ex. K). Petitioner appealed the decision to the First DCA (Doc. 30, Ex. N). The First DCA affirmed the decision per curiam without written opinion on November 8, 2006, with the mandate issuing January 4, 2007 (Doc. 30, Ex. Q; Doc. 1, attached mandate). Goins v. State, 944 So. 2d 989 (Fla. 1st DCA Nov. 8, 2006) (Table).

Petitioner filed the instant habeas action on January 10, 2007 (*see* Doc. 1 at 6).

II. TIMELINESS

Respondent contends the petition should be dismissed as untimely. Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of habeas petitions by person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that he was prevented from filing the instant federal petition by a State-created impediment, that his claims are based on a constitutional right that has been newly recognized by the Supreme Court, or that his claims are based on facts which could

not have discovered prior to when his conviction became final; therefore, the appropriate statutory trigger is section 2244(d)(1)(A), the date his conviction became final.

Petitioner's conviction became final for purposes of the AEDPA on April 19, 2004, ninety (90) days after the appellate court issued its decision affirming his conviction. *See* Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (judgment of conviction becomes "final" on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's mandate) (citing Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002)). Thus, Petitioner's one-year limitations period began to run on April 19, 2004, and expired one year later on April 19, 2005.

Petitioner may be entitled to review of his petition if the limitations period was tolled pursuant to statutory tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The United States Supreme Court held that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000). State laws and rules "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (citations omitted).

The Supreme Court recently held that time limits are filing conditions. Pace v. DiGuglielmo, 544 U.S. 408, 414, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). Thus, a post-conviction application that is untimely under state law does not qualify for statutory tolling. *Id.*; *see also* Webster v. Moore, 199 F.3d 1256, 1258–59 (11th Cir. 2000). In Pace, the Supreme Court rejected the argument that filing conditions are merely those conditions necessary to get a clerk to accept the application, as opposed to conditions that require some judicial consideration, on the ground that this argument was inconsistent with Artuz, where the Court explained that jurisdictional matters and

fee payments, both of which often necessitate judicial scrutiny, are "condition[s] to filing." *See* Pace, 544 U.S. at 414 (quoting Artuz, 531 U.S. at 9).  The Court went on to state,

> For purposes of determining what are "filing" conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of "rule of decision" procedural bars at issue in Artuz, which go to the ability to obtain relief.  Far from requiring "verbal gymnastics," it must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not "properly filed." [Artuz], [531 U.S.] at 10 . . . .

Pace, 544 U.S. at 417.

The Eleventh Circuit considered another instance in which a motion is not properly filed — "when a motion is filed in a court that lacks jurisdiction to hear it."  Estes v. Chapman, 382 F.3d 1237, 1239 (11th Cir. 2004).  The Estes court noted that Artuz had left that possibility open, albeit in dicta:  "If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction . . . it will be pending, but not properly filed."  Estes, 382 F.3d at 1239 (quoting Artuz, 531 U.S. at 9).  The Estes court concluded that, contrary to the state's argument, the Georgia Supreme Court, where Mr. Estes' application was filed, had jurisdiction, so the limitation period was tolled.  Nevertheless, it appears to be settled that if a petitioner's post-conviction filing is filed in a court that lacks subject matter jurisdiction, the limitations period would not be tolled.

On the other hand, a state court's determination that an application for post-conviction relief is subject to a state procedural bar does not render the application "improperly filed," since "[o]nly individual claims, and not the application containing those claims, can be procedurally defaulted under state law . . ." Artuz, 531 U.S. at 8.  Additionally, a state post-conviction challenge dismissed because it was brought pursuant to the "wrong statutory vehicle" was "properly filed" within the meaning of § 2244(d)(2).  Delancy v. Fla. Dep't of Corrections, 246 F.3d 1328 (11th Cir. 2001). In Delancy, the Eleventh Circuit applied Artuz in holding that Mr. Delancy had filed a post-conviction challenge to his consecutive sentences with the state trial court, pursuant to Florida Rule of Criminal Procedure 3.800, but the state court dismissed the motion on the ground that the claims raised therein should have been brought in a Rule 3.850 motion filed in the same state court. *Id.* at 1330.  The Eleventh Circuit, following the reasoning of Artuz, distinguished the question "whether an application has been 'properly filed' . . . from the question whether the claims contained

in the application are meritorious and free of procedural bar." *Id.*  The court determined that the district court erred in "looking beyond the face of Delancy's Rule 3.800 motion to consider the individual claims (i.e., whether they are challenges to consecutive sentences or to illegal sentences)," and concluded that the Rule 3.800 motion was "properly filed" because it, "on its face, met state procedural and filing requirements." *Id.* at 1330–31.

Finally, a state post-conviction motion that was denied as successive was "properly filed" for AEDPA tolling purposes.  Weekley v. Moore, 244 F.3d 874 (11th Cir. 2001).

In the instant case, the decisive issue is whether Petitioner's state habeas petition, filed on October 14, 2004,  tolled the federal limitations period; if it did, then the instant petition is timely; if it did not, the federal petition is not timely.  Respondent contends the state habeas petition was not properly filed and, therefore, did not toll the limitations period because Petitioner sought to collaterally challenge his conviction and sentence, and such challenges must be brought in a Rule 3.850 motion filed in the court of conviction, not a habeas petition filed in the court where the Petitioner is detained (*see* Doc. 29 at 6–9).  Therefore, Respondent contends, the circuit court's decision denying habeas relief was tantamount to dismissal based upon lack of jurisdiction and, pursuant to Artuz, did not toll the federal limitations period (*id*. at 6).

Florida law vests the state supreme court, district courts of appeal, and circuit courts with concurrent original jurisdiction to issue writs of habeas corpus.  Fla. Const. art. V, §§ 3(b)(9), 4(b)(3), 5(b); Fla. Stat. § 79.01; Fla. R. App. P. 9.030.  Florida law further provides:

> Before a circuit judge the petition and the papers shall be filed with the clerk of the circuit court of the county in which the prisoner is detained.

Fla. Stat. § 79.09.  A circuit court's jurisdiction to review a habeas petition is limited.  The circuit court of the county in which a petitioner is incarcerated has jurisdiction to review the legality of the detention of a petitioner, and may release the person held in custody if it is shown that the order under which he is held is illegal or void.  Leichtman v. Singletary, 674 So. 2d 889, 891 (Fla. 4th DCA 1996) (citing Janes v. Heidtman, 272 So. 2d 207, 208 (Fla. 4th DCA 1973)); *see also* Richardson v. State ex re. Milton, 219 So. 2d 77, 79 (Fla. 3d DCA 1969).  However, the circuit court in the county of incarceration is not empowered, through habeas corpus, to review the propriety, regularity or sufficiency of an order of a court over which it has no supervisory or appellate

jurisdiction; thus, a circuit court in the county of incarceration has no jurisdiction to review the propriety and legality of a conviction in another circuit, including issues dealing with the legality of the information, arraignment, plea, trial, verdict, motion for new trial, motion in arrest of judgment, judgment on the verdict, commitment, or any other feature of the trial. State ex rel. Renaldi v. Sandstrom, 276 So. 2d 109, 110 (Fla. 3d DCA 1973) (citing Frederick v. Rowe, 140 So. 915 (Fla. 1932)); Janes, *supra*; Leichtman, *supra* (citing State v. Broom, 523 So. 2d 639, 641 (Fla. 2d DCA 1988)); Richardson, *supra*.

In the instant case, the state court record shows that the Circuit Court for Dixie County denied Petitioner's habeas petition on the grounds that Petitioner sought to collaterally attack the judgment of conviction and sentence, the proper vehicle for doing so was a Rule 3.850 motion, and the court authorized to determine the validity of a Rule 3.850 motion was the sentencing court, not the court of incarceration (Doc. 30, Ex. K).[1]  Thus, the state court rejected the habeas petition not only because Petitioner utilized the wrong statutory vehicle for asserting his claims, but also because the court in which he filed the petition was not authorized to consider his claims (*id.*).

As noted *supra*, the Florida Constitution and statutes give the supreme court, the district courts of appeal, and the circuit courts, and their individual justices and judges, the power to issue the writ.  However, Florida law limits the circuit court's jurisdiction to consider a habeas petition

---

[1]The record shows that Petitioner raised the following claims in his state habeas petition:
Issue (I): Probable Cause: There was (no) [sic] judicial probable cause established in said case to detain or continue Petitioner's pre-trial detention.

Issue (II): Speedy Trial: Speedy trial time frame expired and motion to dismiss was prejudicially denied by court's abuse of discretion.

Issue (III): It was prejudicial/harmful error by court to proceed to trial when (A) no probable cause being established for pre-trial detention, (B) speedy trial time had expired, and (C) motion to dismiss was not lawfully denied.

Issue (IV): Petitioner's liberty was twice placed in jeopardy for same information or crime charged, (A) no probable cause established to detain, try, adjudicate, convict, sentence, and commit Petitioner to prison, (B) speedy trial had expired and motion to dismiss was improperly denied.

Issue (V): Petitioner's pre-trial, trial, and post-trial proceedings were substantially tainted fruits of a poisonous tree, by cumulative acts or omissions by government, court, prosecution/State, defense, and sheriff/police.
(Doc. 30, Ex. J at 14–28).

and precludes a circuit court in the county of incarceration from reviewing the legality of a conviction in another circuit, including issues dealing with the legality of the information, arraignment, trial, verdict, commitment, or any other feature of the trial.  The claims that Petitioner raised in his state habeas petition clearly challenged the validity of the trial proceedings which led to his conviction in Leon County; therefore, as determined by the Dixie County Circuit Court, the Leon County Circuit Court was the only circuit court authorized to consider Petitioner's claims.  A petition, such as Petitioner's state habeas petition, that cannot be considered due to the failure to file it in a court with subject matter jurisdiction to review it is not "properly filed."  *See* Colbert v. Head, 146 Fed. Appx. 340, at **4–5 (11th Cir. 2005) (motion to withdraw plea was not "properly filed" where petitioner filed motion to withdraw plea after term of court, in which his plea was accepted and he was sentenced, expired, and state law provided that when term of court had expired in which a defendant was sentenced pursuant to a guilty plea, trial court lacked jurisdiction to hear a motion to withdraw plea).[2]

Because Petitioner's state habeas petition did not toll the federal limitations period, and he did not file any other post-conviction applications prior to April 19, 2005, the date the federal limitations period expired, his federal habeas petition, filed on January 10, 2007, was untimely.  Petitioner does not allege any other grounds for tolling of the limitations period or that application of any other exception to the time bar is warranted; therefore, the undersigned concludes that Respondent's motion to dismiss should be granted, and the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).  In light of this conclusion, Petitioner's motion to strike

---

[2]This conclusion is not at odds with the conclusion reached by the district court in Wilson v. Crosby, No. 3:03cv566/MCR/MD, 2006 WL 3219602 (N.D. Fla. Nov. 3, 2006).  In Wilson, the petitioner filed a state habeas petition challenging his conviction in the Florida First District Court of Appeal. *Id.*, at *6.  The respondent contended that the district court of appeal lacked jurisdiction to consider the petition, because the proper method for seeking post-conviction relief was to file a motion pursuant to Rule 3.850 in the circuit court in which the petitioner was convicted.  The respondent relied on Baker v. State, 878 So. 2d 1236 (Fla. 2004) to explain "the interplay between habeas corpus and Rule 3.850 . . . .". *Id.*  The court rejected the respondent's argument on the ground that although relief was unavailable to petitioners who filed habeas petitions in the state supreme court or district courts of appeal instead of filing Rule 3.850 motions in the circuit court of conviction, the state supreme court and district courts of appeal still had subject matter jurisdiction to grant such petitions on the merits. *Id.*, at *7–*8 (emphasis added).  Therefore, the court concluded, the rule announced in Baker was a condition for obtaining relief in a habeas petition, not a rule concerning a condition to filing one. *Id.*, at *8.  In the instant case, Petitioner did not file his state habeas petition in the state supreme court or a district court of appeal; rather, he filed it in a circuit court which, according to state law, did not have authority to consider it because it did not have jurisdiction to review the judgment of another circuit court.

Case No.:  4:07cv14/RH/EMT

Respondent's motion to dismiss on the ground that it presents an insufficient defense (*see* Doc. 34) should be denied.

Accordingly, it is **ORDERED**:

1. Petitioner's motion to expedite disposition (Doc. 37) is **DENIED as moot**.

And it is respectfully **RECOMMENDED** that:

1. Respondent's motion to dismiss (Doc. 29) be **GRANTED**.

2. Petitioner's motion to strike (Doc. 34) and motion for summary judgment (Doc. 35) be **DENIED**.

3. The second amended petition for writ of habeas corpus (Doc. 14) be **DISMISSED with prejudice** as untimely.

At Pensacola, Florida this 6th day of February 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**