# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

RICHARD C. GOINS,

    Petitioner,

v.                                  CASE NO. 4:07cv14-RH/EMT

WALTER A. McNEIL,

    Respondent.

_____/

## ORDER DENYING MOTION TO DISMISS

By petition for a writ of habeas corpus under 28 U.S.C. § 2254, petitioner Richard C. Goins challenges a state court conviction. The respondent Secretary of the Florida Department of Corrections has moved to dismiss. The magistrate judge has recommended granting the motion. The petitioner has objected. I have reviewed the matter *de novo* and now deny the motion to dismiss.

The issue is whether the petition is timely. Under 28 U.S.C. § 2244(d)(1), a petition challenging a state conviction must be filed within one year after it becomes final (or after other triggering events not applicable in the case at bar).

The period is tolled, however, during the pendency of a "properly filed application for State post-conviction or other collateral review."  28 U.S.C. § 2244(d)(2).

Mr. Goins filed a state-court petition for a writ of habeas corpus in Dixie County—the county where he was incarcerated, not the county where he was convicted.  Under Florida law, the county of incarceration is the proper venue for a petition for a writ of habeas corpus.  *See* § 79.09, Fla. Stat.  But relief of the type Mr. Goins sought was not available by a petition for writ of habeas corpus.  Instead, Mr. Goins should have raised his issues on direct appeal or filed a motion for relief under Florida Rule of Criminal Procedure 3.800 or 3.850.  Rule 3.800 and 3.850 motions must be filed in the county where the defendant was convicted, not where he is incarcerated.  *See State ex rel. Renaldi v. Sandstrom*, 276 So. 2d 109, 110 (Fla. 3d DCA 1973).  Mr. Goins's petition for a writ of habeas corpus thus was dismissed.[1]

---

[1] The Dixie County court explained the dismissal as follows:

> Petitioner's claims should have been, or were already, addressed on appeal or through post-conviction motions.  Petitioner cannot use Habeas Corpus as a method for a second appeal of issues which were raised, or should have been raised, on direct appeal, post-conviction motion, or which were waived at trial.  *Blanco v. Wainwright*, 507 So.2d 1377 (Fla. 1987).
>
> Petitioner should seek, or has already sought, post-conviction relief with the sentencing court.  Rule 3.800/3.850 motions for post-

The issue is whether the Dixie County petition for writ of habeas was "properly filed." If so, the petition in the case at bar is timely. If not, the petition is time barred.

I conclude that the Dixie County petition was "properly filed." The petition was filed in a type of court—a circuit court—that had jurisdiction to issue a writ of habeas corpus. The petition was filed in the proper venue for a petition for writ of habeas corpus. The petition was timely. The petition was not successive. The petition complied with all requirements of Florida law, with one exception. The single exception was this: relief on the grounds alleged was not available by petition for writ of habeas corpus. In short, Mr. Goins invoked the wrong vehicle for challenges of this type.

The leading case on what constitutes a "properly filed" application is *Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). There a state post-conviction motion was procedurally unfounded because the claims were or

---

> conviction relief completely supersede habeas corpus as a means of collateral attack of judgment and sentence. *Leichtman v. Singletary*, 674 So.2d 889 (Fla. 4th DCA 1996).
>
> It is up to the sentencing court to determine the validity of 3.800/3.850 motions. This court is not the sentencing court.

Document 29, ex. K, quoted in motion to dismiss (document 29) at 3-4.

should have been raised on direct appeal.  The Court nonetheless held the post-conviction motion "properly filed."  The Court said motions that violate state rules such as these "will not be successful, but they have been properly delivered and accepted so long as the filing conditions have been met."  *Artuz*, 531 U.S. at 11.

*Artuz* is not meaningfully distinguishable from the case at bar.  There the offender sought relief by post-conviction motion but should have sought relief on direct appeal.  Here the offender sought relief by petition for writ of habeas corpus but should have sought relief on direct appeal or by Rule 3.850 motion.  Same song, next verse.

Similarly, in *Delancy v. Fla. Dep't of Corrections*, 246 F.3d 1328, 1330-31 (11th Cir. 2001), a federal habeas petition was timely only if an earlier state-court motion was "properly filed."  The offender filed the motion under Florida Rule of Criminal Procedure 3.800 but should instead have invoked Rule 3.850.  The state court therefore denied the motion.  The federal district court held the motion not "properly filed" and thus dismissed the federal petition as untimely.  The Eleventh Circuit reversed, citing *Artuz* and concluding that the motion was "properly filed" because "on its face" it met state procedural and filing requirements.  *Delancy*, 246 F.3d at 1330-31.

In the case at bar, as in *Delancy*, the offender invoked the wrong Florida

procedural vehicle for challenging his conviction. But here, as in *Delancy*, the state court application was nonetheless "properly filed."

The analysis to this point is straightforward and not reasonably subject to dispute. The complication is that the type of application that Mr. Goins should have filed—a Rule 3.850 motion—would properly have been filed in a different county. Because Mr. Goins filed in the wrong county, the argument goes, the application was not "properly filed." But the only reason the application was filed in the wrong county was that Mr. Goins sought the wrong remedy. If he had been entitled to the remedy he sought—a writ of habeas corpus—his choice of venue would have been spot on. A petition that is properly filed in all respects except for its invocation of the wrong remedy does not lose its "properly filed" status simply because the proper remedy would have been sought in a different court. Indeed, that was the situation in *Artuz* itself. The respondent has cited no case holding to the contrary, and I am aware of none.

For these reasons,

IT IS ORDERED:

The respondent's motion to dismiss (document 29) is DENIED. This matter

is remanded to the magistrate judge for further proceedings.

SO ORDERED this 1st day of June, 2008.

s/Robert L. Hinkle
Chief United States District Judge

*Case No: 4:07cv14-RH/EMT*