IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICHARD C. GOINS,
    Petitioner,

v.                                        Case No.: 4:07cv14/RH/EMT

WALTER A. McNEIL,
    Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's "Motion for Summary Judgement [sic]" (Doc. 49), "Notice of Inquiry/Request for Status" (Doc. 54), and "Motion to Expedite Disposition of Writ of Habeas Corpus Proceeding" (Doc. 56).

As grounds for his motion for summary judgment, Petitioner alleges that Respondent filed a motion to dismiss his second amended petition (hereafter "petition") as untimely, and thereby waived his right to address the merits of Petitioner's claims (Doc. 49 at 1). Petitioner states, "Respondent(s) in their response on 10-31-2007 had more than ample opportunity to address the merits of petitioner's claims. Respondent(s) chose; by the face of the record to waive the response to the merits of the claims, and chose to utilize a procedural argument." (*id.* at 2). As relief, Petitioner requests that the court grant his motion for summary judgment, vacate his judgment and sentence, and immediately discharge him from custody (*id.* at 4).

After careful consideration of all issues raised by Petitioner, the court disagrees with Petitioner's assertion that Respondent waived his right to respond to the merits of Petitioner's habeas claims by seeking dismissal of the petition as untimely. In the order directing Respondent to file an answer to Petitioner's petition, Magistrate Judge Sherrill instructed Respondent that he had the option of either addressing procedural arguments, including a statute of limitations bar, or responding to the merits of Petitioner's claims (Doc. 17 at 2). The court further instructed

Respondent that, if he chose to defend the case based on procedural arguments, he may await a ruling on that defense before filing an answer on the merits (*id.*).  Moreover, Respondent expressly stated in the motion to dismiss, that by seeking dismissal on statute of limitations grounds, Respondent was not waiving any arguments, either procedural or on the merits (Doc. 29 at 9). Respondent further requested additional time to answer the petition in the event the motion to dismiss was denied (*id.* at 9–10).  By a separate order issued today, the court has directed Respondent to respond to the merits of Petitioner's petition, and therefore, summary judgment is not appropriate.

      Accordingly it is **ORDERED**:

      1.     Petitioner's Notice of Inquiry/Request for Status (Doc. 54) is **DENIED as moot**.

      2.     Petitioner's Motion to Expedite Disposition of Writ of Habeas Corpus Proceedings (Doc. 55) is **DENIED** because Petitioner has failed to show good cause for expediting this matter.

      And it is respectfully **RECOMMENDED**:

That Petitioner's Motion for Summary Judgment (Doc. 49) be **DENIED**.

      At Pensacola this 14th day of August 2008.


                                      /s/ *Elizabeth M. Timothy*
                                      **ELIZABETH M. TIMOTHY**
                                      **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

      **Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**