# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

RICHARD C. GOINS,

        Petitioner,

v.                                CASE NO.  4:07cv14-RH/EMT

WALTER A. McNEIL,

        Respondent.

_____/

## <u>ORDER DENYING PETITION</u>

      This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation (document 85) and the objections (document 87).  I have reviewed *de novo* the issues raised by the objections.  The report and recommendation is correct and is adopted as the court's opinion.

      The petitioner also has filed a "petition for a writ of mandamus" asking for an expedited ruling on the habeas petition.  The entry of this order on the habeas petition renders moot the request for an expedited ruling.

      Finally, Rule 11 of the Rules Governing § 2254 Cases requires a district

court to "issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." A certificate of appealability may be issued only if a

petitioner "has made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell,* 537 U.S. 322, 335-38, 123 S.

Ct. 1029, 154 L. Ed. 2d 931 (2003) (explaining the meaning of this term); *Slack v.

McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)

(same); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d

1090 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13, 120 S. Ct. 1495,

146 L. Ed. 2d 389 (2000) (setting out the standards applicable to a § 2254 petition

on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a
> substantial showing of the denial of a constitutional right, a
> demonstration that, under *Barefoot*, includes showing that reasonable
> jurists could debate whether (or, for that matter, agree that) the
> petition should have been resolved in a different manner or that the
> issues presented were "'adequate to deserve encouragement to
> proceed further.'"

*Slack*, 529 U.S. at 483-84, *quoting Barefoot*, 463 U.S. at 893 n.4. Further, in order

to obtain a certificate of appealability when dismissal is based on procedural

grounds, a petitioner must show, "at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The petitioner has not made the required showing.

For these reasons,

IT IS ORDERED:

1.  The report and recommendation is ACCEPTED.

2.  The clerk must enter judgment stating, "The petition is DENIED with prejudice."

3.  A certificate of appealability is DENIED.

4.  The "petition for a writ of mandamus" (document 84) is DENIED AS MOOT.

5.  The clerk must close the file.

SO ORDERED on February 11, 2010.

s/Robert L. Hinkle
United States District Judge